# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-13-00224-001-HE |
| | ) | NO. CIV-15-0877-HE |
| THOMAS WAYNE GRUVER, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Thomas Wayne Gruver moved for habeas relief pursuant to 28 U.S.C. §2255 based on ineffective assistance of counsel, following a guilty plea for possession of a firearm in furtherance of a drug trafficking crime. Although the Presentence Investigative Report ("PSR") set defendant's advisory guideline range at 60 months and the government recommended a 60 month term of imprisonment, the court varied upward, sentencing defendant to 144 months in prison. Defendant appealed his sentence, arguing that it was procedurally and substantively unreasonable. The Tenth Circuit disagreed and affirmed the sentence. United States v. Gruver, 576 Fed. Appx. 864 (10th Cir. 2014).

Defendant asserts in his § 2255 motion that his trial counsel was ineffective because counsel failed to challenge evidence in the record pertaining to his prior offenses, misadvised him in conjunction with plea negotiations, allowed him to be sentenced using a PSR that contained inaccurate and false information and failed to represent him adequately at sentencing.

To succeed on an ineffective assistance of counsel claim, a defendant "must show

both that his counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced the defense.'" Byrd v. Workman, 645 F.3d 1159, 1167 (10th Cir.2011) (quoting Strickland v. Washington, 466 U.S. 668, 687–88 (1984)). To establish prejudice a defendant must establish "that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Id. at 1168 (internal quotation marks omitted). Courts can "address these two prongs in any order, and failure under either is dispositive." Id.

In ground one of his habeas petition, defendant contends his attorney failed to controvert his criminal record. Defendant fails, though, to explain or demonstrate what information in the PSR was inaccurate or on what grounds his attorney could have objected to the various entries which he claims "categorize[d] [him] as an individual with an extensive criminal history." Doc. #47, p. 6.[1] Defendant is not entitled to habeas relief on the basis of his first claim.

In ground two, defendant asserts that his attorney's performance was deficient in conjunction with the plea negotiations. Defendant claims he was misinformed in multiple respects. He asserts he was advised that if he pleaded guilty his sentence "could very well be the same result if a Plea was taken or a Trial was undertaken," that "his criminal history would be weighed against the applicable sentencing guidelines sections," and that he "would be required to give up right to appeal issues, all but ineffective assistance of counsel claims."[2]

---

[1]*Page references to briefs and exhibits are to the CM/ECF document and page number.*

[2]*In his reply brief defendant states that his attorney did not explain to him the "Appeal Waiver procedural details." Doc. #53, P. 16. However, defendant signed the plea agreement,*

Doc. #47, p. 10.³ However, these were all correct statements.⁴

Defendant's complaint appears to be not that he was misinformed, but that his attorney failed to advise him that "all or some of the prior offense entries in the PSI Report, would prejudice him negatively at Sentencing, if they were not objected to." Doc. #47, p. 13. Defendant argues, particularly in his reply brief, that information pertaining to dismissed and pending charges should have been excluded from the PSR because it was prejudicial, and that information pertaining to misdemeanors he had committed was overemphasized. "However, arrests that result in the dismissal of charges are routinely recorded in all presentence reports as a matter of presenting a complete history of contacts with law enforcement." United States v. Scott,, 2010 WL 4286336, at *5 (D. Mont. Oct. 19, 2010). Pending charges also are routinely included in PSR's. Defendant appears to harbor some misconception of the proper function of the PSR and the extent to which a defendant and his attorney's can object to it. While a defendant can challenge inaccurate or unreliable information, he or she is not entitled to have information excluded from the PSR because it

---

*which explained the waiver of his appeal rights, Doc. #19,pp. 7-8, and both the government and the court advised defendant that he was giving up his appeal rights during his change of plea hearing. Doc. #41, pp. 10-11. Defendant also asserts in his reply brief that his attorney "refused to file a Supreme Court Appeal" for him. Doc. #53, p. 16. "The Supreme Court held in Ross v. Moffitt, 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), that a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." Wyatt v. United States, 574 F.3d 455, 459 (7th Cir. 2009).*

*³Defendant also contends he was told that an accurate PSR would be prepared and he would be allowed to object to any errors in it. As is discussed, he has not shown how the PSR was incorrect.*

*⁴Defendant was allowed to appeal his sentence because it was not "within or below the advisory guideline range . . . ." Doc. #19, p. 7.*

is unfavorable, and defense counsel cannot object to it on that basis. Therefore, because defendant failed to demonstrate that the PSR included erroneous or improper information and, thus, show any specific, prejudicial error that his attorney committed that affected his sentence, defendant is not entitled to habeas relief on the basis of ground two of his petition.

In ground three, defendant focuses again on the PSR, arguing that his attorney should not have allowed him to be sentenced on the basis of a PSR that contained inaccurate or false information. Once more he does not identify what information is inaccurate, but only asserts that counsel "made no attempts to suppress any of the 'allegations' concerning threats made to the Father; Mother-in-Law; and/or ex-Wife." Doc. #47, p. 18. The government submitted an affidavit from defense counsel in which he states he reviewed the investigative reports and the PSR was consistent with what was written in them. Doc. #52-1, p.3. It is evident from the affidavit that, contrary to plaintiff's unsubstantiated assertions, counsel fulfilled his responsibilities to his client. Defendant has not shown he is entitled to habeas relief on the basis of ground three of his petition.

In ground four, defendant claims his attorney was ineffective in conjunction with his sentencing. He contends his attorney misadvised him about the length of the sentence he would receive, did not sufficiently respond to the court's statement's at sentencing about his asserted violent past, and"[c]learly" made "no effort to act" on his behalf. Doc. #47, p. 21.[5]

---

[5] *Defendant also asserts that there were errors in the calculation of his criminal history, that his sentence was improperly enhanced by the use of 18 U.S.C. §924(g) and that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). However, he does not identify the errors, § 924(g) was not used to enhance his sentence and Apprendi is inapplicable.*

"[C]ounsel's failure to predict a defendant's sentence accurately" does not "rise[] to the level of deficient performance." United States v. Washington, 619 F.3d 1252, 1257 (10th Cir. 2010). And the Sentencing Transcript demonstrates that counsel did, contrary to defendant's statements, provide competent representation. He "strongly urge[d] the Court to impose the sentence of 60 months as stated in the presentence report," Doc. #42, p. 5, pointing out that it was both the guidelines' and "the sentencing commission's decision that that would be the appropriate guideline punishment for the offense that [defendant] has been convicted of here." Id. Counsel also provided letters of support to the court on defendant's behalf. Defendant has not shown that his attorney's representation fell below the objective standard of reasonableness.

Defendant concludes his Memorandum with an "Argument Summary," in which he lists various mistakes his attorney allegedly made, such as counsel was "ineffective when he allowed Petitioner Gruver to plead when he lacked the knowledge of the full consequences of the plea."[6] Doc. #47, p. 22. Again, defendant fails to specify exactly what his attorney allegedly neglected to do and exactly how his attorney's alleged deficient performance prejudiced him. Without demonstrating both, defendant is not entitled to habeas relief.

Regardless of how he frames it, defendant's complaint is that he received a prison sentence of 144 months, instead of the sixty months he expected to receive. Defendant was,

---

[6]*Defendant's conclusory statement is undermined by the answers he gave in response to the questions in the Petition to Enter Plea of Guilty [Doc. #18], which defendant signed under penalty of perjury, by the information included in the Plea Agreement which he signed (and by signing he was acknowledging that he had discussed its terms with his attorney) [Doc. #19] and by his responses to the court's questions during his change of plea hearing. See Doc.#41.*

though, repeatedly advised of the potential maximum sentence he faced, that he could receive the same sentence regardless of whether he pleaded guilty or went to trial, and that the judge did not have to follow the sentencing guidelines. *See* Doc. Nos. 18, 19, 41.

Defendant's assertions of error in the PSR – the principal basis of his claim of ineffective assistance of counsel – are unfounded and he has failed to demonstrate that counsel's representation during the sentencing hearing fell below the Sixth Amendment objective standard of reasonableness. Defendant also made no showing that "there was a reasonable probability that but for counsel's deficient performance he would have likely received a lower sentence." Washington, 619 F.3d at 1256.

Accordingly, defendant is not entitled to habeas relief and his § 2255 motion is **DENIED**. Defendant's request for an evidentiary hearing also is **DENIED**, because a hearing is unnecessary to resolve the issues raised. *See* 28 U.S.C. § 2255(b) (requiring a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). A certificate of appealability also is **DENIED,** as the court concludes defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Defendant has also filed a motion to amend his habeas petition. He seeks to add a claim asserting that his federal conviction is illegal on double jeopardy grounds because he was convicted in state court based on the same conduct that underlies his federal conviction.[7]

Defendant is correct that the "[t]he Double Jeopardy Clause provides that no person

---

[7]*Defendant also raises a jurisdictional claim, which is without merit.*

6

should 'be twice put in jeopardy' for the same offense." United States v. Roman, 608 Fed. Appx. 694, 695 (10th Cir. 2015) (quoting U.S. CONST. Amend. V). The Supreme Court has recognized the "dual sovereignty doctrine" in applying this clause. *Id.* That doctrine "provides that two crimes are committed when a defendant commits a single act violating the laws of separate sovereigns." *Id.* Under the doctrine, defendant's prosecution by the state and federal governments – two separate sovereigns – did not violate the Double Jeopardy Clause. *Id.* Because defendant's double jeopardy rights were not violated, amendment of his habeas petition to assert a double jeopardy claim would be futile. Accordingly, defendant's motion to amend [Doc. #55] is **DENIED.** Defendant's request for appointed counsel, included in his motion to amend, also is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of April, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE