IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-13-00224-001-HE |
| | ) | NO. CIV-16-0731-HE |
| THOMAS WAYNE GRUVER, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Thomas Wayne Gruver has filed a second motion seeking habeas relief pursuant to 28 U.S.C. § 2255, based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Defendant states that after he filed his initial habeas motion and appealed its denial,[1] the Supreme Court announced its decision in <u>Johnson</u> and then, in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), made <u>Johnson</u> retroactive to cases on collateral review. Defendant now seeks leave to supplement his motion and, if required, obtain leave from the Tenth Circuit, to pursue habeas relief.

At the time defendant's second § 2255 motion was filed, defense counsel had been only recently appointed to represent defendant and was confronted with an expiring statute of limitations. Counsel states in the second motion that, from his review of the record it appears that §924 was a part of defendant's sentence and that defendant therefore has a colorable <u>Johnson</u> claim. Defendant asks that his motion toll the limitations period and that

---

[1] *The Tenth Circuit denied defendant a certificate of appealability to appeal from the denial of his initial § 2255 motion in <u>United States v. Gruver</u>, ___ Fed. Appx. ___, 2016 WL 4258949 (10th Cir. Aug. 12, 2016).*

he be allowed to obtain permission, if necessary, from the circuit court to proceed with his successive motion.

Until a circuit court has granted the required authorization, a district court lacks jurisdiction to consider a second or successive § 2255 claim. In re Cline, 531 F.3d 1249, 1251-52 (10th Cir. 2008); see 28 U.S.C. 2255(h). Defendant must request permission from the Tenth Circuit to file his second § 2255 motion. Cline, 531 F.3d at 1251. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Id. at 1252.

Defendant's sentence was not enhanced under the residual clause in the Armed Career Criminal Act or the corresponding residual clause in the sentencing guidelines. No statutory or guideline enhancement for a prior violent felony was applied at sentencing. Defendant therefore is not entitled to relief under Johnson or under cases applying Johnson to the sentencing guidelines. Because defendant does not have a Johnson claim, it is not in the interest of justice to transfer his § 2255 motion to the circuit court. Cline, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit . . . .").

Accordingly, plaintiff's second and successive § 2255 motion is dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 9th day of September, 2016.

_____
JOE HEATON
CHIEF U. S. DISTRICT JUDGE